IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARVIN FRAY, # M-6336**                                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:08-cv-384-HTW-LRA**

**MICHELLE TAYLOR, MISSISSIPPI
DEPARTMENT OF CORRECTIONS/RECORDS
DEPARTMENT AND DAVID HOLLY**                                          **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on June 20, 2008. On June 20, 2008, this Court entered an order [3] directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order [3, p. 5].

Plaintiff was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his complaint. Plaintiff failed to comply with this order.

On August 19, 2008, an order [4] was entered directing Plaintiff to show cause, on or before September 8, 2008, why this case should not be dismissed for his failure to timely comply

with the Court's June 20, 2008 order.  In addition, Plaintiff was directed to comply with the June 20, 2008 order by filing the required documentation, on or before September 8, 2008.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint.  Plaintiff did not comply with the Court's order.

On September 25, 2008, this Court entered a second order [5] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of June 20, 2008.  In addition, Plaintiff was directed to comply with the June 20, 2008 order on or before October 8, 2008.  The Plaintiff was warned in this Court's order of September 25, 2008, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed.  Plaintiff has failed to comply with this order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Plaintiff has not complied with three Court orders nor has he contacted this Court since June 20, 2008.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper.  Since the Defendants have never been called upon

to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

    IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    SO ORDERED, this the 31st day of October, 2008.

                      s/ HENRY T. WINGATE  
                      CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-384 HTW-LRA